[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 15, 2010
JOHN LEY
ACTING CLERK

_____

No. 09-11688
Non-Argument Calendar

_____

D. C. Docket No. 08-20609-CV-JEM

SUNSHINE COMPANY FOOD DISTRIBUTOR, INC.,
MARCOS SERPA,

Plaintiffs-Appellants,

versus

U.S. CITIZENSHIP AND IMMIGRATION SERVICES,
SECRETARY UNITED STATES DEPARTMENT OF HOMELAND
SECURITY,
Janet Napolitano,
DIRECTOR OF THE U.S. CITIZENSHIP IMMIGRATION
SERVICES,
Alejandro Mayorkas,
DIRECTOR TEXAS SERVICE CENTER U.S. IMMIGRATION AND
CITIZENSHIP SERVICES,
Evelyn M. Upchurch,
CHIEF ADMINISTRATIVE APPEALS OFFICE U.S.
DEPARTMENT OF HOMELAND SECURITY,
Robert P. Wiemann,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 15, 2010)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Sunshine Company Food Distributor, Inc. ("Sunshine"), a Florida fruit, vegetable, and diary distributor, and Marcos Serpa appeal the district court's grant of summary judgment upholding the U.S. Citizenship and Immigration Services's ("USCIS") denial of a visa for Serpa, a Brazilian citizen, on the grounds that Serpa did not qualify as a multinational executive or manager under 8 U.S.C. § 1153(b)(1)(C). On appeal, they argue that (a) the district court erred in granting summary judgment because USCIS's denial was arbitrary and capricious under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A), and (b) the district court erred in striking their demand for a jury trial on the grounds that the complaint had sought relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.

## I. Agency Decision

We review a district court's order of summary judgment de novo. Preserve

2

Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 87 F.3d 1242, 1246 (11th Cir. 1996). "Summary judgment is proper if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Id. "The evidence must be viewed in the light most favorable to the non-moving party." Id. "However, even in the context of summary judgment, an agency action is entitled to great deference." Id. "Under the Administrative Procedure Act, a court shall set aside an action of an administrative agency where it is arbitrary, capricious, or an abuse of discretion." Id.; 5 U.S.C. § 706(2)(A) (stating that the reviewing court shall hold an agency's action, findings, or conclusions unlawful if they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law). Under the arbitrary and capricious standard, we must consider whether an agency's decision "was based on a consideration of the relevant factors and whether there has been a clear error of judgment." Sierra Club v. Johnson, 436 F.3d 1269, 1273-74 (11th Cir. 2006) (quotation omitted).

The focal point for judicial review of an administrative agency's action is the administrative record. Preserve, 87 F.3d at 1246. The reviewing court does not "conduct its own investigation and substitute its own judgment for the administrative agency's decision." Id. Instead, the court is "to decide, on the basis

3

of the record the agency provides, whether the action passes muster under the appropriate APA standard of review." Id. (quotation omitted).

Pursuant to 8 U.S.C. § 1153, certain employment-based immigrants are given first priority for visa preferences. 8 U.S.C. § 1153(b)(1). Preference is given to an alien who, in the three years preceding the alien's application for classification and admission into the United States, has been employed for at least one year by a corporation and seeks to enter the United States in order to continue to render services to the same employer or to a subsidiary in a "capacity that is managerial or executive." 8 U.S.C. § 1153(b)(1)(C).

The term "managerial capacity" means an assignment within the organization in which the employee primarily:

(i) manages the organization, or a department, subdivision, function, or component of the organization;

(ii) supervises and controls the work of other supervisory, professional, or managerial employees, or manages an essential function within the organization, or a department or subdivision of the organization;

(iii) if another employee or other employees are directly supervised, has the authority to hire and fire or recommend those as well as other personnel actions (such as promotion and leave authorization) or, if no other employee is directly supervised, functions at a senior level within the organizational hierarchy or with respect to the function managed; and

(iv) exercises discretion over the day-to-day operations of the activity

4

or function for which the employee has authority.

A first-line supervisor is not considered to be acting in a managerial capacity merely by virtue of the supervisor's supervisory duties unless the employees supervised are professional.

8 U.S.C. § 1101(a)(44)(A).  The term "executive capacity" means an assignment within the organization in which the employee primarily:

(i) directs the management of the organization or a major component or function of the organization;

(ii) establishes the goals and policies of the organization, component, or function;

(iii) exercises wide latitude in discretionary decision-making; and

(iv) receives only general supervision or direction from higher level executives, the board of directors, or stockholders of the organization.

Id. at § 1101(a)(44)(B).

If the agency uses staffing levels as a factor to determine whether an individual is acting in a managerial or executive capacity, the agency "shall take into account the reasonable needs of the organization, component, or function in light of the overall purpose and stage of development of the organization, component, or function."  Id. at § 1101(a)(44)(C).

In this case, the district court did not err in granting summary judgment in favor of USCIS because the agency's visa denial was neither arbitrary, capricious, an abuse of discretion, nor otherwise not in accordance with law.  We disagree

5

with Sunshine and Serpa that USCIS used Sunshine's small size as the only criterion to justify its denial of Serpa's visa petition. USCIS considered the job descriptions and organizational charts provided by Sunshine to evaluate the activities of Sunshine's three employees. Based on those descriptions, USCIS found that the majority of Serpa's time could not be spent acting in an executive or managerial capacity because Serpa had to fulfill all of the non-managerial and non-executive tasks associated with the financial, sales, technology, and legal departments, because there were no other employees in the organization working in those departments. The other two employees spent all of their time loading trucks, arranging the trucks at the warehouse, making deliveries, cleaning the trucks, checking for truck maintenance, maintaining the freshness of the merchandise, cleaning the warehouse, and helping other drivers. Therefore, USCIS considered the structure of the organization, the size of the organization, and the needs of the organization before denying the visa petition.

Moreover, because the district court's review was limited to the administrative record, the district court properly excluded evidence developed outside of the administrative record, including Serpa's second unsworn declaration and request for admissions. See Preserve, 87 F.3d at 1246. Additionally, USCIS did consider Serpa's first unsworn declaration submitted during Sunshine and

6

Serpa's second motion to reopen and reconsider, but found that the unsworn declaration did not establish new facts to warrant a reopening. Because Sunshine and Serpa did not challenge USCIS's denial of his motion to reopen, only the motion to reconsider, they have abandoned any argument related to the motion to reopen. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) (an argument not fully briefed or presented at all is abandoned on appeal). Nor did the district court consider Serpa's foreign entity job duties during summary judgment. Thus, Sunshine and Serpa's argument that it did so fails. Accordingly, we affirm.

## II. Jury Demand

We review de novo the legal question of whether the district court erred in striking Sunshine and Serpa's jury demand. St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc., 561 F.3d 1181, 1186 n.10 (11th Cir. 2009). The Declaratory Judgment Act states that in a case of actual controversy a court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Declaratory Judgment Act thus "preserves the right to jury trial for both parties," but does not create a right to a jury trial. See Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 504 (1959) (holding that "if Beacon would have been entitled to a

7

jury trial in a treble damage suit against Fox it cannot be deprived of that right merely because Fox took advantage of the availability of declaratory relief to sue Beacon first").

As we have noted, the focal point in an action for judicial review of an administrative agency's decision is the administrative record. Preserve, 87 F.3d at 1246. The reviewing court is not empowered to conduct a de novo inquiry into the fact of the matter being reviewed or to reach its own conclusions based on such an inquiry. Id. In this case, Sunshine and Serpa had no right to a jury trial in their suit for judicial review over an agency action simply because they sought relief under the Declaratory Judgment Act. Therefore, the district court did not err in striking their demand for a jury trial.

**AFFIRMED.**